# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENNARO RAUSO,** | : | **CIVIL NO. 1:17-CV-720** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF FCI-SCHUYLKILL, CLERK OF COURTS FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PA,** | : : : : : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Gennaro Rauso ("Rauso"), a federal inmate incarcerated at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania. Named as respondents are the Warden of FCI-Schuylkill and the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania. Rauso seeks, *inter alia*, an order compelling the Clerk of the Eastern District of Pennsylvania to file any motions and papers he submits in his Eastern District criminal case. (Doc. 1, at 26-29).

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed.

I.  **Background**

Rauso recently filed a similar petition in the United States Court of Appeals for the Third Circuit. The Third Circuit denied Rauso's petition and found as follows:

> Gennaro Rauso, a federal prisoner proceeding pro se, petitions for a writ of mandamus and/or prohibition vacating several orders of the United States District Court for the Eastern District of Pennsylvania and compelling the Clerk of that Court to file certain motions. For the reasons that follow, we will deny the petition.
>
> In 2010, Rauso pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709-2, mail fraud in violation of 18 U.S.C. § 1341, access device fraud in violation of 18 U.S.C. § 1029, bank fraud in violation of 18 U.S.C. § 1344, and other crimes. He was sentenced to 160 months' imprisonment. We affirmed on direct appeal. We ruled that the appellate waiver in Rauso's plea agreement was enforceable and precluded the arguments he had raised. United States v. Rauso, 548 Fed. Appx. 36, 39 (3d Cir. 2013) (non-precedential).
>
> Rauso filed a motion in District Court pursuant to 28 U.S.C. § 2255 to vacate his sentence. Rauso filed an amended motion and, in an order entered July 30, 2014, the District Court granted the Government's motion to dismiss the amended motion. The District Court decided that Rauso had waived his right to present a collateral challenge to his conviction and sentence under his plea agreement. Rauso then filed various motions, including a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or vacate the order of dismissal, and a motion for leave to supplement his amended

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

2

§ 2255 motion. In an order entered November 19, 2014, the District Court denied Rauso's Rule 59(e) motion and motion to supplement his amended § 2255 motion. The District Court also ordered Rauso to terminate filing papers in the Court.

Rauso appealed the July 30, 2014 and November 19, 2014 orders. On March 3, 2015, we denied Rauso's motion for a certificate of appealability. We ruled that jurists of reason would not debate the District Court's conclusion that Rauso's claims are barred by the waiver in his plea agreement, and that, in light of this conclusion, jurists of reason would agree that the District Court did not err in denying Rauso's motion to amend his § 2255 motion and his Rule 59(e) motion. We also stated that we interpreted the District Court's filing injunction as limited to the § 2255 proceedings, which would end upon the conclusion of Rauso's attempt to appeal. See C.A. No. 14-4729, 3/3/15 Order.

On September 14, 2016, the District Court issued an order denying requests by Rauso to file certain papers. The District Court stated that it had ordered Rauso to terminate filing papers and that it would return his documents to him. Although the order does not specify the documents that the Court would return, it appears that on September 5, 2016, Rauso submitted for filing a motion seeking, among other things, to compel the Clerk to enter on the docket motions he had submitted for filing on June 19, 2015 and May 4, 2016, and a motion to produce him for a hearing. Rauso now seeks a writ of mandamus vacating the District Court's July 30, 2014, November 19, 2014, and September 14, 2016 orders and compelling the District Court Clerk to file his motions.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141. See also In re School Asbestos Litig., 921 F.2d 1310, 1313-14 (3d Cir. 1990) (applying the same standard to a petition for writ of prohibition). It is within our discretion to refrain from issuing the writ even where these requirements are satisfied. In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998).

> To the extent Rauso seeks a writ vacating the District Court's July 30, 2014 and November 19, 2014 orders, Rauso had an adequate means to attain this relief in his appeal of these orders. Rauso contends that the District Court's orders are void on various grounds, all of which could have been or were raised in his prior request for a certificate of appealability.
>
> Rauso also has not shown that he did not have an adequate means to challenge the District Court's September 14, 2016 order by filing an appeal. Rauso seeks a writ vacating this order and compelling the District Court to file the motions he submitted on June 19, 2015, May 4, 2016, and September 5, 2016, but to the extent an appeal was available, mandamus may not be used as a substitute for appeal. See In re Chambers Dev., 148 F.3d at 226. It is unnecessary to address the applicability of the filing injunction to the documents Rauso sought to file or might seek to file because, even if inapplicable, we would decline to grant the extraordinary remedy of a writ of mandamus in our discretion. The documents that Rauso has sought to file have been attempts to re-litigate his amended § 2255 motion.
>
> Accordingly, the petition for a writ of mandamus and/or prohibition will be denied.

In re: Gennaro Rauso, 2017 WL 624159 (3d Cir. 2017) (footnotes omitted).

Rauso filed the instant petition pursuant to 28 U.S.C. § 2241. (Doc. 1). He similarly requests that this court order the Eastern District Court to accept "any motions and papers, etc." for filing in his criminal case. (Id. at 28). Rauso also claims that the Eastern District court is violating his constitutional rights by interfering with his ability to access the courts. (Id.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of

4

habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Rauso is not challenging the legality of his present incarceration. Rather, he seeks an order "commanding" the Clerk of Court of the Eastern District of Pennsylvania to file any motions and papers he submits in the case of United States v. Rauso, No. 10-cr-406 (E.D. Pa.). (Doc. 1, at 29). Rauso asserts that he attempted to file papers in his Eastern District case, however the documents were not docketed and, instead, were returned to him. (Id.) Additionally, Rauso claims that his ability to access the courts is being obstructed by the Clerk of the Eastern District of Pennsylvania, in violation of his First Amendment rights. (Id. at 28). The claims asserted in Rauso's § 2241 petition are not cognizable in a habeas corpus action. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily

5

implies the unlawfulness of the [government's] custody"). Moreover, the court lacks any authority to order the Eastern District Court to act in a certain way, including allowing Rauso to file motions in a pending Eastern District case. Consequently, the petition is subject to dismissal.[2]

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

An appropriate order shall issue.

                                         /S/ CHRISTOPHER C. CONNER
                                         Christopher C. Conner, Chief Judge
                                         United States District Court
                                         Middle District of Pennsylvania

Dated:        May 22, 2017

---

[2] The court expresses no opinion as to the merits, if any, of any civil rights claim Rauso may file based upon the facts asserted herein.