# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENNARO RAUSO,** | : | **CIVIL NO. 1:17-CV-720** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF FCI-SCHUYLKILL,** *et al.*, | : | |
| | : | |
| | : | |
| Respondents | : | |

## <u>ORDER</u>

AND NOW, this 26th day of July, 2018, upon consideration of petitioner's motion (Doc. 11) to vacate the court's order denying his motion for reconsideration, and the court construing the instant motion as a motion for reconsideration, and it appearing that petitioner fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, <u>North River Ins. Co. v. Cigna Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995) (stating three major grounds include "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." ), but, instead, simply disagrees with the court's

decisions,[1] see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that petitioner's motion (Doc. 11) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Petitioner urges the court to reconsider its decisions dismissing his habeas petition and denying his previous motion for reconsideration, and claims that the court "lacked the judicial power" to dispose of the petition. (Doc. 11, at 5). Petitioner again requests that the court construe the pleadings liberally, make findings of fact and conclusions of law, and judicially notice the facts in the petition. (Doc. 6, at 5; Doc. 7, at 9-20; Doc. 11, at 2 ¶ 2). Additionally, petitioner once again requests that the court "issue a conditional writ upon THE EASTERN DISTRICT COURT CLERK to enter the FILED AND NOT ENTERED MOTIONS into THE DOCKET ENTRIES FOR PET'S UNDERLYING CRIMINAL CASE." (Doc. 11, p. 9). Petitioner fails to advance an intervening change in controlling law, or to present newly found evidence. Nor does he establish that the court came to its conclusions by way of some gross misunderstanding of the facts or law of this case.